IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. JOHNSON,<br><br>        Plaintiff,<br><br>    vs.<br><br>D.K. SISTO, et al.,<br><br>        Defendants.<br>_____/ | 2:08-CV-01962-RRC<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner proceeding pro se, has filed a 42 U.S.C. § 1983 action. The Court will dismiss the Complaint for failure to state a claim upon which relief may be granted, as Plaintiff failed to establish the necessary elements of a § 1983 claim.

The Court is required to screen complaints brought by prisoners seeking relief against a government entity or an officer or employee of a government entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Exhibits attached to the complaint may be considered in determining whether dismissal is proper. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

1    In civil rights cases where the plaintiff is proceeding pro se, the Court reviews the pleadings
2  liberally. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The Court accepts all allegations of
3  material fact as true and construes them in the light most favorable to the plaintiff. Barnett v.
4  Centoni, 31 F.3d 813, 816 (9th Cir. 1994). However, conclusory allegations are insufficient. Ove v.
5  Gwinn, 264 F.3d 817, 821 (9th Cir. 2001). Furthermore, while Rule 8(a)(2) of the Federal Rules of
6  Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is
7  entitled to relief[,]" the pleadings need to "'give the defendant fair notice of what . . . the claim is
8  and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)
9  (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). If the Court decides that a pleading could be
10 cured by the allegation of other facts, the pro se prisoner is entitled to an opportunity to amend his
11 complaint before dismissal of the action. See, e.g., Karim-Panahi v. Los Angeles Police Dep't, 839
12 F.2d 621, 623 (9th Cir. 1988).

13   To make out a claim under 42 U.S.C. § 1983, a plaintiff must plead that (1) defendants acting
14 under the color of state law (2) deprived him of rights secured by the U.S. Constitution or federal
15 statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). Furthermore, "[l]iability
16 under section 1983 arises only upon a showing of personal participation by the defendant. A
17 supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor
18 participated in or directed the violations, or knew of the violations and failed to act to prevent them.
19 There is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045
20 (9th Cir. 1989) (internal citations omitted).

21   In the present case, Plaintiff fails to state a claim upon which relief may be granted, as he
22 does not establish the necessary elements of a § 1983 claim. First, Plaintiff does not show that the
23 Defendants deprived him of a right secured by the federal Constitution or statutes. Plaintiff
24 contends that the Defendants violated his right to receive a copy of a CDC 114-D form prior to the
25 expiration of his term of confinement in the administrative segregation unit, which he claims is a
26 right "clearly established" by the California Code of Regulations, title 15, section 3339(b)(1).
27 Although it is true that section 3339(b)(1) mandates that a CDC 114-D form should be given to
28

- 2 -

1  prisoners according to such a time frame, as part of a California administrative code, this
2  administrative regulation does not satisfy the second element of § 1983 claims (that the right
3  violated be established by either the U.S. Constitution or a federal statute). Cf. Galen v. County of
4  Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) (holding that a violation of state law does not
5  establish a violation of a federal right for purposes of § 1983 claims).

6  Although Plaintiff alleges, construing the complaint liberally, that this amounted to a
7  violation of due process under the Fourteenth Amendment, to obtain relief on a procedural due
8  process claim under Section 1983, Plaintiff "must establish the existence of (1) a liberty or property
9  interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3)
10 lack of process." See Shanks v. Dressel, 540 F.3d 1082, 1090 (9th Cir. 2008) (internal quotation
11 marks and alterations omitted; emphasis added); Portman v. County of Santa Clara, 995 F.2d 898,
12 904 (9th Cir. 1993). Nothing in Section 3339 creates such a constitutionally protected liberty or
13 property interest, nor does Plaintiff assert as much. See 15 Cal. Code of Regulations § 3339. This
14 regulation obligates prison officials to provide persons in Plaintiff's position with notice and an
15 opportunity for a hearing in the event they are retained in administrative segregation beyond the
16 expiration of the original terms of their confinement but does not, for example, require officials to
17 release prisoners from segregation in the absence of sufficient evidence justifying continued
18 confinement.

19 Furthermore, Plaintiff does not show how any of the Defendants are connected to the
20 prison's failure to give Plaintiff a CDC 114-D form. Nowhere in his Complaint does Plaintiff allege
21 facts showing who was personally responsible for the failure to issue Plaintiff a CDC 114-D form in
22 a timely fashion. Plaintiff alleges that Defendants Nuehring and Barocio were present when the
23 Institutional Classification Committee held Plaintiff's Pre-Minimum Eligible Release Date program
24 review, and Defendant Singh denied Plaintiff's CDC 602 inmate appeal. It appears that Defendant
25 Ferguson authorized Plaintiff's placement in the administrative segregation unit. See Complaint Ex.
26 A. None of these roles, however, amount to personal participation in the failure to issue Plaintiff a
27 CDC 114-D form. Accordingly, the Defendants' liability under § 1983 has not been established.
28

1   For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim
2   upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint
3   to cure the deficiencies noted above.  The Clerk will mail Plaintiff a court-approved form to use for
4   filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may
5   strike the amended complaint and dismiss this action without further notice.

6   In any amended complaint, Plaintiff must write short, plain statements telling the court: (1)
7   the federal constitutional or federal right Plaintiff believes was violated; (2) the name of the
8   defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the
9   action or inaction of that defendant is connected to the violation of Plaintiff's right, as further
10  explained above; and (5) what specific injury Plaintiff suffered because of the defendant's conduct.
11  See Rizzo v. Goode, 423 U.S. 362, 371-72 (1976).  Plaintiff must repeat this process for each person
12  he names as a defendant, and must avoid legal argument.  If Plaintiff fails to affirmatively link the
13  conduct of each named defendant with the specific injury suffered by Plaintiff, the allegation against
14  that defendant will be dismissed for failure to state a claim.  Conclusory allegations that a defendant
15  or group of defendants have violated a constitutional right are not acceptable and will be dismissed.

16  Plaintiff must clearly designate on the face of the document that it is the "First Amended
17  Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-
18  approved form and may not incorporate any part of the original Complaint by reference.  Any
19  amended complaint supersedes an original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th
20  Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After
21  amendment, the Court will treat the original Complaint as nonexistent.  Ferdik, 963 F.2d at 1262.

22  Accordingly, IT IS HEREBY ORDERED that:

23  1. The Complaint is dismissed for failure to state a claim.  Plaintiff has 30 days from the
24  date this Order is signed to file a first amended complaint in compliance with this Order.

25  2. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must,
26  without further notice, enter a judgment of dismissal of this action with prejudice that states that the
27  dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

28

3. The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED: October 1, 2009.

/s/ Richard R. Clifton
RICHARD R. CLIFTON
UNITED STATES CIRCUIT JUDGE